Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
Tel: (323) 988-2400
Fax: (866) 861-1390
TAMRA LAWRENCE

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**BAKERSFIELD DIVISION**

| | |
|---|---|
| TAMRA LAWRENCE, | ) **Case No.:** |
| | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| CHASE BANK USA, N.A., | ) |
| | ) |
| Defendant. | ) |

TAMRA LAWRENCE (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against CHASE BANK USA, N.A. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Counts I of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in North Edwards, Kern County, California.

7. Defendant is a business entity with a principal place of business in Wilmington, Delaware.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around 2014, Defendant began constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Plaintiff's alleged debt arose through a consumer credit transaction.

11. Defendant places collection calls from telephone numbers, including, but not limited to, 800-333-0433.

12. Defendant places collection calls to Plaintiff's cellular telephone at phone number 661-472-12XX.

13. Per its prior business practices, each of Defendant's calls were placed using an automatic telephone dialing system.

14. In or around 2014, Plaintiff spoke with Defendant's representative and requested that

1 Defendant cease placing calls to her cellular telephone.

2 15. Plaintiff revoked any consent, express, implied or otherwise, to receive automated collection calls from Defendant in the course of the telephone conversation on or around 2014.

16. Despite Plaintiff's request to cease, Defendant continued to place at least two hundred and forty-nine (249) collection calls to Plaintiff.

17. Defendant placed calls to Plaintiff's cellular telephone after 9 p.m. and before 8 a.m. on at least one hundred and forty (140) occasions.

## COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT

18. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, TAMRA LAWRENCE, respectfully requests judgment be entered against Defendant, CHASE BANK USA, N.A. for the following:

20. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

21. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

22. All court costs, witness fees and other fees incurred; and

23. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

25. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

   c. Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq*., to wit:

      1. Defendant violated §1692c(a)(1) of the FDCPA by communicating with Plaintiff between the hours of 9 p.m. and 8 a.m. local time;

      2. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

      3. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse Plaintiff.

   WHEREFORE, Plaintiff, TAMRA LAWRENCE, respectfully requests judgment be entered against Defendant, CHASE BANK USA, N.A. for the following:

26. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

27. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

28. Any other relief that this Honorable Court deems appropriate.

DATED:  October 29, 2014

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: /s/ Ryan Lee
Ryan Lee
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TAMRA LAWRENCE, demands a jury trial in this case.